UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                              Docket No 11-00443-jrh
Paul A. Dills and Lois D. Dills                                      Chapter 7
                                                                                      Hon. Jeffrey R. Hughes
            Debtors.                                                            Date Filed: January 19, 2011
_____/

## STIPULATION TO ARBITRATE CLAIM AND PROOF OF CLAIM FILED BY CHAD AND CATHERINE FRAZIER AND DEBTORS' OBJECTION TO SAME AND RELATED MATTERS AND ORDER

NOW COME Paul and Lois Dills (individually and as Trustee of the Paul A. Dills Living Trust and the Lois D. Dills Living Trust) and Chad and Catherine Frazier (the "Parties"), and Kelly Hagan, Chapter 7 Trustee ("Trustee"), by and through their attorneys, and hereby stipulate as follows:

1. Paul and Lois Dills ("Dills") filed a Chapter 7 bankruptcy on January 20, 2011, Case No. 11-00443-jrh, which is currently pending in the Western District Bankruptcy Court.

2. Kelly Hagan was appointed as Chapter 7 Trustee of the Dills' bankruptcy.

3. In the Dills' bankruptcy proceeding Chad and Catherine Frazier ("Fraziers") filed a proof of claim dated 5/10/2011, asserting a claim against the Dills' bankruptcy estate in the amount of $183,681.47 ("Proof of Claim").

4. The Dills filed an objection to Frazier's proof of claim on 6/10/2011. A hearing was held concerning the Dills' objection on 8/4/2011 ("Bankruptcy Objection"). At that hearing the parties discussed a potential oral agreement, which has been reached and now is reflected in this stipulation.

5. Prior to the commencement of the bankruptcy proceeding, the Fraziers filed a complaint in the 56th Judicial Circuit Court for Eaton County, Case No. 10-140-CK ("Eaton County Lawsuit"). The defendants in the Eaton County Lawsuit were Paul and Lois Dills (individually and as Trustees of the Paul A. Dills Living Trust and Lois D. Dills Living Trust). The Eaton County Lawsuit is currently pending but is stayed by the bankruptcy.

6. The parties hereby stipulate as follows:

   A. The Dills and the Fraziers agree that all issues raised in the Eaton County Lawsuit, (b) the Proof of Claim and (c) the Bankruptcy Objection and/or any issue and matters related to those matters (collectively, "Arbitration Issues") will be submitted to and resolved through binding arbitration ("Arbitration").

   B. The Parties agree that John Fifarek of Lasky, Fifarek & Hogan PC, 120 N. Washington Square, Ste. 625, Lansing, MI 48933, will serve as the binding arbitrator ("Arbitrator") to resolve all Arbitration Issues.

   C. The Parties agree that the Arbitrator will have the same authority as an Eaton County Circuit Court judge and/or as of a Bankruptcy Court judge in issuing decisions regarding this Arbitration and the Arbitration Issues.

   D. The Arbitrator will make such interim rulings as may be necessary, and upon completion of the final hearing, the Arbitrator will issue an Arbitration award ("Award") in writing and deliver a copy of the Award to the attorney for each Party. The Award shall be binding upon the Parties, subject only to the applicable rules and laws in the State of Michigan (MCR 3.602 and MCL 600.5001-.5035) and/or the bankruptcy laws regarding arbitration.

E.   The Parties agree that the Award may be submitted to the Bankruptcy Court and/or to the Eaton County Circuit Court for issuance of orders consistent with the Award.

F.   Discovery will conclude December 4, 2011 unless extended by the Arbitrator.

G.   The Parties and the Trustee agree that the stay of proceedings issued in this bankruptcy proceeding will be lifted for the purpose of allowing the Arbitration to proceed.

H.   The Bankruptcy Trustee, Kelly Hagan, acknowledges that the purpose of the arbitration process between the Parties is to adjudicate the Dills' objection to the Frazier's proof of claim and that the arbitration will result in a claim to be paid by the estate; funds received by the Trustee in conjunction with the sale of assets of the Dill's bankruptcy estate will be held by the Trustee until resolution of the claims process, including the arbitration, and will be distributed in accordance with applicable bankruptcy law.

I.   Upon conclusion of the Arbitration, the Award shall be filed in the bankruptcy court and shall constitute a final determination as to the allowed amount of the Fraziers claim, which claim shall be paid by the Trustee in due course in the same manner and extent as other unsecured claims against the estate.

J.   The Arbitrator's fees will be billed at the rate of $230 per hour. The Fraziers and the Dills will each pay the Arbitrator a retainer of $1,000. Any additional sums, fees or costs due to the Arbitrator or the parties, will be

apportioned between the Fraziers and the Dills as determined by the Arbitrator in accordance with applicable court rules and law (state and federal).

Dated: 10/05/2011         /s/ Robert E. McCarthy
                          Robert E. McCarthy (P28450)
                          Attorney for Paul and Lois Dills

Dated: 10/05/2011         /s/ William D Tomblin
                          William D. Tomblin (P40540)
                          Attorney for Chad and Catherine Frazier

Dated: 10/05/2011         /s/ Norman C. Witte
                          Norman C. Witte (P40546)
                          Attorney on behalf of Kelly Hagan, Chapter 7 Trustee

## ORDER

IT IS SO ORDERED.

Jeffrey R. Hughes,
United States Bankruptcy Court Judge

Date: _____